# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK BANKS**, | CIVIL ACTION NO. 1:13-CV-3083 |
| Plaintiff | (Chief Judge Conner) |
| v. | |
| **DIRECTOR, CENTRAL INTELLIGENCE AGENCY**, *et al.*, | |
| Defendants | |

## ORDER

AND NOW, this 15th day of January, 2014, upon preliminary consideration of plaintiff's Bivens[1] complaint[2], in which he alleges that the named defendants owe him certain duties pursuant to the "bad man" provision of the Sioux Treaty of Fort

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courses to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] Although styled as a "complaint" and "complaint for a writ of mandamus" it is clear that plaintiff is initiating a civil action. (Doc. 1, at 1.) The Third Circuit Court of Appeals has ruled that mandamus petitions are not "civil actions" or "appeals" subject to the requirements of the Prison Litigation Reform Act ("PLRA"). In re Steele, 251 F. App'x 772 (3d Cir. 2007) (not published) (citing Madden v. Myers, 102 F.3d 74, 77 (3d Cir.1996). However, a "litigant should not be able to evade the PLRA by masking as a mandamus petition a paper otherwise subject to the Act." Madden v. Myers, 102 F.3d at 78. Accordingly, if a prisoner files a "mandamus petition" that actually would initiate an appeal or a civil action, the PLRA applies. In re Steele, 251 F. App'x at 773.

Laramie[3] and have violated his constitutional rights by subjecting him to "voice to skull" technology (Doc. 1, at 2), *inter alia*, and it appearing that he seeks to proceed *in forma pauperis* (Doc. 2), 28 U.S.C. § 1915, and it appearing that the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915, prohibits him from proceeding *in forma pauperis* as he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim[4], and it further appearing that there is no indiction that plaintiff "is under imminent serious physical injury," 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in forma pauperis "unless the prisoner is under imminent danger of

---

[3]The Sioux Treaty of Fort Laramie, entered into April 29, 1868, ended armed conflict between bands of the Lakota Indians and the United States, and granted reservation land and hunting rights to the Lakota Indians in the Dakota territory. See Treaty with the Sioux Indians, 15 Stat. 635. Article I of the treaty states, in pertinent part: "If bad men among the whites, or among other people subject to the authority of the United States shall commit any wrong upon the person or property of the Indians, the United States will, upon proof made to the agent and forwarded to the Commissioner of Indian Affairs at Washington City, proceed at once to cause the offender to be arrested and punished according to the laws of the United States, and also re-imburse the injured person for the loss sustained." Id. art. I.

[4]Judicial notice has been taken of the following civil rights actions filed by plaintiff that were dismissed as legally frivolous for failure to state a claim upon which relief may be granted: (1) Banks v. Hayward, et al., Civil No. 2:06-CV-00509 (W.D.Pa. May 30, 2006) (Lancaster, J.); Banks v. Hayward, et al., Civil No. 2:06-CV-01572 (W.D. Pa. Jan. 10, 2007) (Lancaster, J.); Banks v. Dove, et al., Civil No. 1:06-CV-02289 (M.D. Pa. Jan. 16, 2007) (Conner, J.); and, Banks v. Pittsburgh Tribune Review, et al., Civil No. 2:07-CV-00336 (W.D. Pa. May 4, 2007) (Lancaster, J.). Banks v. Crockett, Civil No. 1:07-CV-1019, 2007 WL 1655504, * 2 (M.D. Pa. June 7, 2007) (Conner, J.)

2

serious physical injury"); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*), and that as a direct result of the repetitive nature and volume of civil actions filed by plaintiff[5], the Western District of Pennsylvania determined that

---

[5]The following comprehensive recitation was set forth in a report and recommendation of United States Magistrate Judge Amy Reynolds Hay, which was adopted by the Honorable Gary L. Lancaster, United States District Court for the Western District of Pennsylvania:

> Since February 3, 2005, Plaintiff has filed or participated as a party plaintiff or intervenor in approximately 45 civil actions in the federal District Courts. Since January 20, 2005, Plaintiff has filed or participated in roughly 31 bankruptcy cases. Since March 9, 2005, Plaintiff has filed or participated in approximately sixty cases in the federal Courts of Appeals. As a consequence of his litigation activities, Plaintiff has accumulated many more than three strikes. See, e.g., Banks v. U.S. Marshal, 274 F. App'x. 631 (10th Cir. 2008) (assessing four strikes); Banks v. Vio Software, 275 F. App'x. 800 (10th Cir. 2008)(assessing two strikes) (available on PACER); Banks v. PNC Bank, No. C06-1109JLR, 2007 WL 2363064, at *1 n. 2 (W.D. Wash. Aug.14, 2007) (counting three strikes against Plaintiff based upon two suits filed in the Western District and one suit filed in the Middle District of Pennsylvania); See also Banks v. Williams, No. 5:07-CV-226, 2008 WL 544946, (S.D. Miss. Feb. 21, 2008) (denying Plaintiff IFP status because he has at least three strikes). Given his litigiousness, it is not surprising that Plaintiff sometimes files duplicative or repetitious lawsuits.

Banks v. County of Allegheny, 568 F. Supp. 2d 579, 586 n.1 (W.D. Pa. 2008).

Thereafter, in October, 2013, Chief United States Magistrate Judge Lisa Pupo Lenihan noted in a Report and Recommendation, which was subsequently adopted by United States District Court Judge Nora Barry Fischer, that between November, 2004, and July, 2013, Banks filed approximately 304 civil actions, 108 of which were filed in the courts of the Third Circuit. The 108 cases were broken down as follows:

> Of the 108 cases filed by Banks . . . 62 involved complaints for alleged violations of various civil and/or constitutional rights, petitions for writ of mandamus, and Qui Tam/False Claims Act claims. Of these 62 cases, more than half were dismissed or closed prior to service of the complaint: Fourteen (14) of Plaintiff's complaints were dismissed under 28 U.S.C. §

3

plaintiff abused the *in forma pauperis* privilege and, therefore, restricted his ability to file future civil actions[6], except habeas corpus petitions, without a statement certifying that: "(1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law," Banks v. Unknown Named Number of U.S. Postal Inspectors, *et al.*, No. 2:13-cv-1198, 2013 WL 5945786, at *1 (W.D. Pa. Nov. 6, 2013), and because plaintiff has filed, since August 2013, in this

---

> 1915(e)(2)(B) as frivolous, malicious, or for failing to state a claim; in fifteen (15) cases, Banks' attempts to proceed *in forma pauperis* were barred by the "three strike" provision of 28 U.S.C. 1915(g), because Banks filed three or more of lawsuits while he was incarcerated which were dismissed as frivolous, malicious or for failure to state a claim; five (5) cases were administratively closed for failing to file the required IFP documents; and two (2) cases were dismissed under 28 U.S.C. § 1915A(b)(1). Another seventeen (17) cases were transferred to other district courts outside the Third Circuit.

Banks v. Unknown Named Number of U.S. Postal Inspectors, *et al.*, No. 2:13-cv-1198, 2013 WL 5945786, at *4 (W.D. Pa. Nov. 6, 2013).

[6]The All Writs Act ("Act") states that "[t]he Supreme Court ... may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). It is well established that the Act "authorizes district courts to, among other things, restrict the access to federal courts of parties who repeatedly file frivolous litigation." In relying on Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990), the district court concluded that "Banks' history and continued filing of complaints that are repetitive, frivolous, malicious, and/or fail to state a claim upon which relief may be granted, thus warrant some restraint on his ability to proceed in this District." Banks v. Unknown Named Number of U.S. Postal Inspectors, *et al.*, No. 2:13-cv-1198, 2013 WL 5945786, at *4 (W.D. Pa. Nov. 6, 2013).

4

district alone, thirty-five civil actions (including this one)[7], this Court concludes that a restraint on plaintiff's ability to proceed in this district is also warranted, it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 2) to proceed *in forma pauperis* is DENIED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court is directed to CLOSE this case.

4. As to all future civil actions, except petitions for writ of habeas corpus, in which plaintiff seeks to proceed *in forma pauperis* without full prepayment of fees and costs, in addition to the other requirements for requesting *in forma pauperis* status, plaintiff shall attach to his motion for leave to proceed *in forma pauperis* a statement certifying: (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law.[8]

5. If plaintiff fails to attach this certification the complaint will be stricken without prejudice by order of Court.

6. If it is determined that a false certification has been made, plaintiff may be held in contempt of court and the Court may impose appropriate sanctions and/or punishment, after notice and an opportunity to be heard on the matter.

7. In the event plaintiff pays the full filing fee, and seeks to proceed *in forma pauperis*, the certification requirement does not apply.

---

[7]Ten cases were transferred to other districts, one was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and twenty-three were dismissed pursuant to 28 U.S.C. § 1915(g).

[8]Compliance with the certification requirement does not usurp this Court's authority to dismiss pursuant to 28 U.S.C. §1915(g) any future civil action.

5

8. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania